UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CORNELIUS BULLOCK, :
:
    Plaintiff :
:
v. : CIVIL NO. 4:CV-06-03
:
LUZERNE COUNTY CHILDREN AND : (Judge McClure)
YOUTH SERVICES ET AL., :
:
    Defendants :

### MEMORANDUM AND ORDER

January 17, 2006

**Background**

Cornelius Bullock ("Plaintiff"), an inmate presently confined in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] The required filing fee has been paid in full. For the reasons set forth below, Bullock's complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A.

Named as Defendants are Luzerne County Children and Youth Services ("CYS") and three of its employees, Supervisor Donna Vrhel and Caseworkers Jo-

---

1. On January 5, 2006, Plaintiff informed the Court that he was to be released "soon" and would then be residing in Edwardsville, Pennsylvania. See Record document no. 3.

Ann Costanzo and Yuri Lynn Gilby-Safka.  Plaintiff is also proceeding against two employees of the Wilkes-Barre Housing Authority, Manager Clementine and Assistant Manger Dorese; Bernadette Bayneck and Karl Kandetzki (who are apparently former neighbors); as well as two newspapers, the Wilkes-Barre Times Leader and the Citizens Voice.

It is initially noted that the complaint is set forth in a disjointed and at times illegible manner.  Bullock states that in June, 2004, he was accused of fondling a minor female.  A second minor female subsequently made a similar accusation against the Plaintiff.  Bullock contends that neighbors including Defendant Bayneck advised the alleged minor victims to contact CYS.

On August 16, 2004, the Wilkes-Barre Police accompanied by Defendants Costanzo and Gilby-Safka allegedly entered Plaintiff's residence without his consent.  It appears that Defendants Clementine and Dorese either participated or acquiesced in the resulting search of Bullock's residence.  Plaintiff alleges that the accusations against him are false and that he has been subjected to unlawful imprisonment. [2]  His complaint contends that the testimony of the victims was coerced and manipulated by a police detective and Defendant Gilby-Safka.  See Record document no. 1, ¶ IV(3).  He further indicates that his criminal prosecution is discriminatory as it was initiated because of his mixed marriage.

---

2. Plaintiff asserts that he is presently attempting to withdraw a guilty plea which he entered to charges of sexually assaulting two minor female children.

The complaint adds that as a result of his arrest, Plaintiff's children were placed in foster care by CYS and he was evicted from his residence, by the Wilkes-Barre Housing Authority.  Bullock's remaining claim is that the Wilkes-Barre Times Leader and Citizens' Voice published defamatory articles regarding his alleged involvement in the sexual assaults.  As relief, Bullock seeks monetary restitution, punitive damages, expungement of the child abuse allegations, and the release of his children from foster care.

## Discussion

As previously noted, Plaintiff has paid the required filing fee. 28 U.S.C. § 1915A  provides in pertinent part:

> (a)  Screening. -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b)  Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28

(1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[3] The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Personal Involvement**

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Defendants Bayneck and Kandetzki are identified as being Plaintiff's former neighbors. Plaintiff is presumably attempting to establish liability against those individuals on the grounds that they advised the alleged minor victims to contact CYS.

---

[3]. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

It is apparent that neither of Bullock's prior neighbors were acting under color of state law and thus, they are not properly named Defendants for purposes of § 1983. It is equally clear that neither the Wilkes-Barre Times Leader nor the Citizens' Voice newspapers are state actors and are also not properly named Defendants.

**Defamation**

Plaintiff contends that the two newspapers, the Wilkes-Barre Times Leader and the Citizens' Voice printed slanderous/defamatory articles regarding his sexual assault prosecution. "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Township of Falls, 890 F. 2d 611, 619 (3d Cir. 1989). Accord Siegert v. Gilley, 500 U.S. 226, 233-35 (1991).

Bullock has not alleged that a significant interest other than damage to his reputation occurred as a result of the purported defamation. It is noted that the purported defamation did not cause his arrest or incarceration. Thus, there are no facts to support his apparent claim that the alleged defamatory articles caused him any actual constitutionally recognized injury. Because the Plaintiff does not have a constitutionally protected interest in his reputation, his claims of slander/defamation may not proceed. See Paul v. Davis, 424 U.S. 693, 701-02 (1976)(liberty interest requires more than mere injury to reputation).

**Heck**

As previously noted, Plaintiff seeks monetary damages on the basis that his ongoing sexual assault prosecution is meritless.  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Id</u>. at 486-87.

Plaintiff's present allegations if proven, could render his ongoing confinement/state criminal prosecution invalid.  There is no indication that the legality of Plaintiff's present prosecution/incarceration has been successfully challenged in either state court or via a federal habeas corpus petition.  Thus, Bullock's complaint to the extent that it seeks damages is premature under <u>Heck</u>, until the purportedly, unconstitutional confinement challenged herein is rendered invalid.

**<u>Abstention</u>**

As noted earlier, part of the relief sought by the Plaintiff is expungement of the pending sexual assault/child abuse allegations.  Bullock indicate that he is the subject of a criminal prosecution on those charges in Luzerne County.  It is unclear from the present complaint whether his criminal proceedings have concluded.  Plaintiff indicates only that he entered a guilty plea in April, 2005 which he subsequently wanted to withdraw.

In <u>Younger v. Harris</u>, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." <u>Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.</u>, 973 F.2d 169, 173 (3d Cir. 1992). Under <u>Younger</u>, the test for federal court abstention is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." <u>Id</u>.[4]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1234 (3d Cir. 1992). This civil rights action does not raise the type of extraordinary circumstances contemplated under <u>Younger</u>, thus, intervention by this Court into any ongoing state criminal prosecution of the Plaintiff is not warranted at this juncture. To the extent that there are ongoing state criminal proceedings, abstention is required in this case out of deference to the integrity of the state judicial process.

**Habeas Corpus**

As noted above, Bullock indicates that he was subjected to an unconstitutional state prosecution. It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or

---

[4]. Exceptions to <u>Younger</u> abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." <u>Id</u>.

speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).   More recently, the United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action.  Id. at 646.

Pursuant to Preiser and Edwards, Plaintiff's requests for injunctive relief, which would require a finding that his criminal conviction should be overturned, are not properly raised in a civil rights complaint.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915A.

    2.    The Clerk of Court is directed to close the case.

    3.    Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.

United States District Judge